**SO ORDERED.**

**SIGNED this 6 day of June, 2014.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**NEW BERN DIVISION**

IN RE:

PIER AMBROSE GHERINI, JR.         CHAPTER 7
                                  CASE NO. 11-08087-8-RDD
    DEBTOR

**ORDER**

Pending before the Court is the Motion to Determine Automatic Stay Does Not Apply, or in the Alternative, for Relief from Automatic Stay filed by Gulfstream Partners, LLC, Robert N. Hunter, Jr., William T. Cothran, and William Gabriel (collectively, the "Movants") on March 21, 2014, and the Objection to Motion for Relief from Stay filed by Pier Ambrose Gherini, Jr. (the "Debtor") on April 7, 2014. The Court conducted a hearing on May 6, 2014 in New Bern, North Carolina to consider the motion and the objection.

**STATEMENT OF FACTS**

In August 2007, the Debtor contacted Mr. Hunter and explained that he needed some monetary help with a project called the "Core Creek Marina" project. The Debtor explained he needed funds for the project. After listening to the Debtor's plans for developing the project and after physically inspecting the site for the "Core Creek Marina" project, Mr. Hunter transferred $50,000.00 to a Bank of America account in the name of Cow Hollow Investments, LLC, an account

from which the Debtor was paying other business and personal expenses unrelated to the Core Creek Project. In return, Mr. Hunter received a promissory note for $50,000.00 with interest at eight percent per annum, due and payable in six months. In March 2008, according to the Debtor, the deal fell through. Mr. Hunter, after talking to the Debtor's lawyer, began to realize that he was never going to be repaid by the Debtor.

As a result, Mr. Hunter began investigating real estate records and made contact with other investors who may have also been deceived by the Debtor. During this time, Mr. Hunter contacted William T. Cothran and William Gabriel and discovered that the "Core Creek Marina" project had never really existed. After gathering all of this information, Mr. Hunter believed that he had discovered a pattern of fraud by the Debtor, where over a period of seven years, the Debtor had taken loans and investments from various persons and entities in amounts exceeding $300,000.00 per year. Mr. Hunter, wishing to see that justice was done and that the Debtor was prevented from defrauding others, hired David McFadyen, a criminal lawyer and former district attorney, to examine whether the Debtor's conduct gave rise to criminal causes of action. On August 9, 2011, Mr. McFadyen sent a letter to the District Attorney of Judicial District 3B, Mr. Scott Thomas, requesting a meeting to review the evidence for a case against the Debtor. On October 24, 2011, the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code.

The Movants request that the Court enter an order determining that the commencement of the criminal proceeding against the Debtor is excepted from the automatic stay pursuant to 11 U.S.C. §362(b)(1), or in the alternative, enter an order granting relief from the automatic stay as to the Movants pursuant to 11 U.S.C. §362(d). The Debtor contends that the only possible reason that the Movants now move to bring criminal charges against the Debtor is to collect on debts involved in the bankruptcy.

**DISCUSSION**

11 U.S.C. §362(b)(1) provides that the filing of a bankruptcy petition does not operate as a stay–(1) under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the Debtor.

The plain meaning of the language used in §362(b)(1) is clear and so must be enforced according to its terms. *See Simonini v. Bell* (*In re Simonini*)*,* 69 F. App'x 169, 170 (4th Cir. 2003). In *Simonini*, the Fourth Circuit held that the automatic stay of the Bankruptcy Code does not apply to criminal prosecutions. *Id.* at 170. There, the Fourth Circuit overturned the District Court's injunction barring the criminal prosecution of a debtor in Nevada. *Id.* The District Court had reasoned that the criminal prosecution resembled debt collection and entered an injunction pursuant to 11 U.S.C. § 105(a). *Id.* The Fourth Circuit held that enjoining the criminal prosecution was not necessary to carry out the provisions of the Bankruptcy Code, especially in light of the plain and clear language of §362(b)(1) which declares that § 362 does not stay the commencement or continuation of a criminal action or proceeding against the debtor. *Id.*

In the present case, Mr. Hunter and the other movants made contact with the District Attorney, and began criminal investigations, several months prior to the filing of the bankruptcy petition by the Debtor. Accordingly, 11 U.S.C. §362(b)(1) applies and excepts the automatic stay from staying the continuation of the criminal investigation against the Debtor or the commencement of a criminal action against the Debtor.

As a result, the Court holds that the District Attorney of Judicial District 3B is neither stayed by the automatic stay nor the discharge from the commencement and/or continuation of a criminal investigation, arrest and or prosecution of a criminal action against the Debtor. Such commencement or continuation necessarily includes any such investigation as the District Attorney

of Judicial District 3B deems appropriate, including the cooperation of the creditors in the Debtor's bankruptcy case with the District Attorney.

Several previous cases in this District have cited a judicially created exception to the exception for criminal proceedings barred by the automatic stay. *See In re Byrd,* 256 B. R. 246, 251 (Bankr. E.D.N.C. Nov. 16, 2000) (citing to the "principal motivation test" which holds that criminal proceedings may be enjoined when it is "clear that the princip[al] motivation is neither punishment nor a sense of public duty, but rather to obtain payment of a dischargeable debt either by an order of restitution or by compromise of the criminal charge upon payment of the civil obligation" (internal citations and quotations omitted)); *see In re Negrete*, Case No. 07-00540-9-JRL (Bankr. E.D.N.C. Aug. 10, 2009) (observing that once a debtor files a bankruptcy petition, a creditor may not then approach a governmental prosecutorial entity post petition, in order to prompt a criminal action to recover debt as this may constitute a violation of the automatic stay).

These exceptions do not apply to the facts of this case. Both Mr. Hunter and Mr. Hollers, another individual investor, testified they were pursuing a criminal investigation by the District Attorney as part of their public duty to prevent further frauds being perpetrated on the public, and to see that justice was done, full well knowing that recovery of any amount from the Debtor was most likely impossible. In addition, the Movants hired an experienced criminal attorney, who then made contact with the District Attorney several months prior to the filing of the bankruptcy petition. Clearly, the motives of these creditors was not based upon hopes of monetary recovery, but based on doing their public duty to see that further alleged frauds by this Debtor do not occur.

## CONCLUSION

Therefore, neither the automatic stay nor the discharge stay, enjoin, or bar the creditors in this case from presenting the underlying facts related to the Debtor's alleged fraudulent procurement

of monies to the appropriate prosecutorial and/or crime investigation entities and/or authorities with jurisdiction to review and investigate potential criminal acts of the Debtor. Further, neither does the automatic stay nor the discharge bar the commencement and continuation of any criminal action resulting from any such investigation. The Motion to Determine Automatic Stay Does not Apply is **GRANTED**.

    **SO ORDERED.**

**END OF DOCUMENT**